8768

HARTZOG-HAGOOD LIVE STOCK & VEHICLE COMPANY v.
WILSON.

(81 S. E. 180.)

ATTACHMENT. ACTION FOR RECOVERY OF PURCHASE MONEY.

Where the buyer of a black mule who had given a purchase money note
therefor, exchange it with the seller for a roan mule, paying the
difference in cash and agreed to execute a note for the balance,
which he failed to do, the debt due seller was for the purchase
money of the roan mule, and in an action for the amount so due,
such mule could be attached and sold to satisfy the judgment. ·Code
Civil Proc., sec. 298.

Before PRINCE, J., Greenwood, April, 1913.    Affirmed.

Action by the Hartzog-Hagood Live Stock and Vehicle
Company against H. W. Wilson to recover purchase money
for mule sold.   From judgment for plaintiff, defendant
appeals.

*Messrs. Tillman & Mays* and *D. H. McGill,* for appellant,
cite: Code Civil Proc. 298.   *Meaning of purchase money:*
15 S. C. 41, 70; 59 S. C. 70; 7 Words and Phrases 5857.

*Messrs. Grier, Park & Nicholson,* for respondent.

March 26, 1914.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

This case was brought in the magistrate's Court.   The
defendant-appellant obtained from the respondent a black
mule and executed to the respondent a note which pro-
vided "that the title to said property shall remain in said
plaintiff until the purchase price therefor should have been
paid in full, and upon default in the payment of said note
or in the sale of the property, the plaintiff was authorized
to take possession of. said property and sell the same in
accordance with the requirements of law and apply the

proceeds of sale to said debt and the costs and expenses thereof."

The appellant carried the black mule back to the respondent and exchanged the black mule for a roan bay mare mule. The difference in the price of the two mules was fifteen dollars. The appellant paid the difference in price and agreed to execute another note with similar provisions, but did not do so. The time for payment has passed and the debt has not been paid. The respondent brought suit for the ninety dollars and seized the mule.

The agreed statement of facts shows the following: "Upon appearing in the case the defendant moved to dissolve the attachment in this case on the following grounds:

1. That the property seized herein, to wit, one roan mare mule, is worth more than $100.00 and was not subject of attachment in the magistrate's Court.

2. That the property seized herein, to wit, one roan mare mule, is not the mule for which the defendant owes the plaintiff the balance due and the balance due is not purchase money for the roan mule, but was purchase money for the black mule and the roan mule is not subject to attachment for a debt on another mule, nor is the debt due on the roan mule whatsoever."

The magistrate found in favor of the respondent for ninety-one dollars and eighty-six cents, and found that the debt was for the purchase money of the roan mule, and directed the sheriff to sell the roan mule to pay the debt. From this judgment there was an appeal to the Circuit Court which affirmed the finding of the magistrate. This appeal is from the order of Judge Prince, affirming the judgment of the magistrate.

There are five exceptions, but they raise but a single question, to wit, was the debt due for the purchase money of the roan mule?

There is nothing in the case to question the fact that the appellant owes to the respondent the sum of ninety-one and

86-100 dollars. The appellant owes the respondent, so far as the case shows, for nothing except the debt for the roan mule. He owes nothing for the black mule because, by agreement, the black mule was returned and the roan mule was substituted for it.

The debt is for the roan mule, and the judgment appealed from is affirmed.